|     |     |     |
| --- | --- | --- |
|     | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA |     |
|     | JASON MARK HART,<br><br>             Plaintiff,<br><br>       v.<br><br>LAMIN SENNAH, *et al.*,<br><br>             Defendants. | CASE NO. 2:21-cv-01127-DGE-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: July 22, 2022 |

The District Court has referred this 42 U.S.C. § 1983 civil rights matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1). Before the Court is plaintiff's emergency motion for a protective order with temporary injunctive relief. Dkt. 39. Defendants filed a response. Dkt. 40.

Plaintiff requests that the Court issue a temporary protective order against the Department of Corrections ("DOC"). Dkt. 39, at 1. The DOC is no longer a party in this action, and plaintiff's claims for relief differ from the claims in his complaint. *See* Dkts. 16, 39. Accordingly, the Court recommends that his motion (Dkt. 39) be denied without prejudice.

## BACKGROUND

Plaintiff is proceeding *pro se* in this case and alleges deliberate indifference and medical malpractice. Dkt. 16, at 5. Plaintiff alleges that defendant Lamin Sennah, an Advanced Registered Nurse Practitioner, had "deliberate indifference" when he ignored a warning label while prescribing certain medications simultaneously and that defendants are unconstitutionally involuntarily medicating him to treat his conditions. Dkt. 16, at 5. Plaintiff alleges that he now suffers from permanent medication-induced psychosis. Dkt. 16, at 5.

Plaintiff requests that the Court issue a temporary protective order against the DOC "in its entirety, to leave for 60 days or less." Dkt. 39, at 1. Although somewhat unclear, it appears that plaintiff seeks to be transferred to a witness protection program. Dkt. 39, at 1. The DOC was a party in this action but was terminated on January 27, 2022, when plaintiff amended his complaint. Dkt. 16.

## DISCUSSION

The Court may issue an injunction over parties in the action, but "it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). Plaintiff seeks preliminary injunctive relief against a non-party—the DOC. Dkt. 39. Simply put, the Court cannot issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 111–12 (1969).

Further, the Court does not have the authority to issue an injunction when a plaintiff "seeks injunctive relief based on claims not pled in the complaint." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Plaintiff has not met his burden for emergency injunctive relief because plaintiff seeks relief based on claims different from those

alleged in his complaint. Dkts. 16, 39. Plaintiff requests emergency injunctive relief against a defendant who is no longer part of this action and on the basis that "the Attorney General is withholding evidence, filing a protective order, [and] preventing [him] from obtaining outside help." Dkt. 39, at 2. However, in his complaint, plaintiff alleges deliberate indifference and medical malpractice. Dkt. 16, at 5. As this request for relief is based on claims not pled in the complaint, and against a nonparty, emergency injunctive relief is inappropriate at this time.

## CONCLUSION

The Court recommends that plaintiff's motion (Dkt. 39) be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 22, 2022,** as noted in the caption.

Dated this 5th day of July, 2022.

J. Richard Creatura
Chief United States Magistrate Judge