UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON MARK HART,

                        Plaintiff,

        v.

LAMIN SENNAH, *et al.*,

                        Defendants.

CASE NO. 2:21-cv-01127-DGE-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 19, 2022

        This matter is before the Court on referral from the district court and on defendants'

motion for summary judgment. *See* Dkt. 47.

        Plaintiff, who proceeds *pro se* and is housed at the Washington State Penitentiary, alleges

that defendants Lamin Sennah (AKA Lamin Sanneh), Robin Smith, Marlinda Pruden, and Karie

Rainer, all healthcare workers, violated his constitutional rights and state tort law during his stay

at the Monroe Correctional Complex ("MCC"). Specifically, plaintiff alleges that defendants

prescribed him two medications that are dangerous when taken together, that defendants treated

him for a medical condition he does not have (schizoaffective disorder) while ignoring one he

does have (dementia), and that defendants violated his procedural due process rights by "blindsiding" him into taking his medication.

Defendants move for summary judgment on all claims and argue that plaintiff does not have any evidence to support his allegations. Defendants present evidence that there are no major interactions between the two medications prescribed to plaintiff and that these medications may be prescribed together. Defendants present evidence that plaintiff has been diagnosed with schizoaffective disorder and not with dementia. Finally, defendants present evidence that they provided plaintiff with notice of the Involuntary Antipsychotic Hearings ("IAH"), that plaintiff appeared at each hearing where he was provided the opportunity to present and cross-examine witnesses, and that plaintiff had an advisor present for each hearing.

Although defendants provided plaintiff with a notice of this dispositive motion, plaintiff did not respond to defendants' motion for summary judgment. Plaintiff's complaint is not signed under the penalty of perjury, so the Court cannot consider its contents as evidence. Therefore, plaintiff has failed to rebut defendants' summary judgment showing.

Accordingly, the Court recommends that defendants' motion for summary judgment be granted and plaintiff's federal claims be dismissed with prejudice. The Court also recommends that the district court decline to exercise supplemental jurisdiction over any state law claims and that they be dismissed without prejudice.

## BACKGROUND

### I.    Allegations of the Amended Complaint

For count I, plaintiff alleges that on July 9, 2019, defendant Sennah ignored the danger of "pr[e]scribing Abilify and Navance at the same time[,] causing a permanent medication induced psychosis/schizophrenia." Dkt. 16, at 5. He alleges that defendant Sennah treated plaintiff for

1   schizophrenia, which plaintiff claims he does not have, and left untreated plaintiff's dementia,

2   which he claims he does have. *See id.* at 6. Plaintiff makes similar allegations against other

3   defendants in counts II, III, VI, VIII, IX, X, and XI. *See id.* at 7–9, 12, 14, 15, 17. For count IV

4   and VII, plaintiff appears to allege that defendants violated their own policy by not asking for his

5   consent before forcing him to take medications. *See* Dkt. 16, at 10, 13. For Count V, plaintiff

6   alleges that defendant Smith denied plaintiff had certain medical conditions. *Id.* at 11.

7   **II.     Defendants' Evidence**

8          In support of their motion for summary judgment, defendants submit the declarations of

9   Lamin Sanneh, Karie, Rainer, Dianna Rule, and Robin Smith. *See* Dkts. 49–52.

10          **a.   Lamin Sanneh**

11          Mr. Sanneh, a physician assistant certified ARNP, saw plaintiff for medical visits at MCC

12   from January 9, 2017 through March 3, 2022. *See* Dkt. 49, at 1. He states that plaintiff has been

13   diagnosed with "(1) Schizoaffective Disorder, Bipolar Type; (2) Post Traumatic Stress Disorder,

14   Chronic; (3) Stimulant Dependence; (4) Opioid Dependence; (5) Major Neurocognitive Disorder

15   due to Traumatic Brain Injury, with Behavioral Disturbance; and (6) Attention-

16   Deficit/Hyperactivity Disorder." *Id.* at 2. He states that when plaintiff is not properly medicated,

17   he "decompensates rapidly and presents a danger to himself." *Id.* He states that plaintiff has not

18   been diagnosed with dementia. *See id.* at 3.

19          According to Mr. Sanneh, plaintiff "has a fixation on his belief that he suffers from

20   medical issues that are non-existent," such as a skull fracture and heart murmur despite no

21   medical evidence of him suffering from either. Dkt. 49, at 3. Mr. Sanneh states that he met

22   several times with plaintiff to get him to voluntarily take his medications as prescribed, but Mr.

23   Sanneh claims that plaintiff "generally stops taking his medications abruptly and before any

24

therapeutic effects can be realized." *Id.* at 4. Finally, Mr. Sanneh states that "there are no major interactions between Navane and Abilify or their generic counterparts (Thiothixene and Aripiprazole) and these medications may be prescribed together." *Id.* According to Mr. Sanneh, warnings regarding these medications exist when prescribed to "Elderly patients with dementia-related psychosis," which is not applicable to plaintiff. *Id.* Mr. Sanneh attached several medical records supporting his declaration. *See generally* Dkt. 49-1.

### b. Karie Rainer

Karie Rainer, Ph.D., is a psychologist and has been the director of mental health for the Washington State Department of Corrections since 2012. *See* Dkt. 50, at 1. She states she is familiar with plaintiff through her review of his mental health records and responses to his IAH appeals. *See id.*

Ms. Rainer states that on November 3, 2020, plaintiff's treating providers submitted an involuntary medical report requesting a 14-day IAH because plaintiff was a danger to himself and in grave disability. *See id.* at 4. After the hearing, the panel unanimously determined that plaintiff be placed on involuntary medication for a period not to exceed 14 days. *See id.* Ms. Rainer states that on November 30, 2020, plaintiff's treating providers submitted another request—this time for 180 days. *See id.* The hearing panel determined that plaintiff be placed on involuntary medication for 180 days. *See id.* Ms. Rainer claims she appointed the panel but did not personally serve on the committee nor did she prepare or submit the request or report for involuntary medication. *See id.* at 5.

Ms. Rainer attached several exhibits supporting her declaration. *See generally* Dkt. 50-1.

///

///

### c.  Dianna Rule

Dianna Rule is an administrative assistant at the Monroe Correctional Complex and serves as the legal liaison officer. *See* Dkt. 51, at 1. She attached several serious infraction reports and grievance logs concerning plaintiff. *See* Dkt. 51-1.

### d.  Robin Smith

Ms. Smith treated plaintiff from July 2018 through March 3, 2022. *See* Dkt. 52, at 2. She states that plaintiff has never been diagnosed with a heart murmur or skull fracture and that there have not been any indications that he suffers from a heart murmur or skull fracture. *See id.* She also states that she was not involved in plaintiff's psychiatric care and that she did not participate in his IAH relevant to this action. *See id.*

## DISCUSSION

### I.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a summary judgment motion, the Court must take the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Conclusory allegations and mere speculation are not enough to create a genuine issue of material fact. *See, e.g.*, *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Finally, the Court may not engage in credibility determinations or weighing of the evidence when ruling on a summary judgment motion. *See Anderson*, 477 U.S. at 255.

The Court liberally construes a *pro se* complaint. *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017). Because plaintiff is *pro se*, the Court "must consider as evidence in his

1   opposition to summary judgment all of [plaintiff's] contentions offered in motions and pleadings,

2   where such contentions are based on personal knowledge and set forth facts that would be

3   admissible in evidence, and where [plaintiff] attested under penalty of perjury that the contents

4   of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir.

5   2004). However, plaintiff's complaint was not signed under penalty of perjury, so it cannot be

6   considered as evidence.

7   **II.    Eighth Amendment Claims**

8   "It is undisputed that the treatment a prisoner receives in prison and the conditions under

9   which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*,

10  509 U.S. 25, 31 (1993). "A violation of the Eighth Amendment occurs when prison officials are

11  deliberately indifferent to a prisoner's medical needs." *Toguchi v. Chung*, 391 F.3d 1051, 1057

12  (9th Cir. 2004).

13  "To establish an Eighth Amendment violation, a prisoner 'must satisfy both the objective

14  and subjective components of a two-part test.'" *Id.* (quoting *Hallett v. Morgan*, 296 F.3d 732,

15  744 (9th Cir. 2002) (citation omitted)). "First, there must be a demonstration that the prison

16  official deprived the prisoner of the 'minimal civilized measure of life's necessities.'" *Id.*

17  (quoting *Hallett*, 296 F.3d at 744 (citation omitted)). Second, a prisoner must demonstrate that

18  the prison official "'acted with deliberate indifference in doing so.'" *Id.* (quoting *Hallett*, 296

19  F.3d at 744 (internal citation and quotation marks omitted)). This second consideration

20  incorporates a subjective inquiry: "a prison official cannot be found liable under the Eighth

21  Amendment for denying an inmate humane conditions of confinement unless the official knows

22  of and disregards an excessive risk to inmate health or safety; the official must both be aware of

23  facts from which the inference could be drawn that a substantial risk of serious harm exists, and

24

1    he must also draw the inference." *Id.* Finally, "[m]ere negligence in diagnosing or treating

2    a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

3    (internal quotation marks and citation omitted).

4          Here, plaintiff alleges that defendants violated his Eighth Amendment rights when they

5    (1) gave him two medications, Abilify and Navance, that are dangerous when taken together and

6    (2) when defendants treated an illness he does not have (schizophrenia) while refusing to treat

7    one he does have (dementia). *See* Dkt. 16, at 6–9, 12, 14, 15, 17. Regarding the first issue,

8    defendants argue that they are entitled to summary judgment on this claim because there are "no

9    major interactions between Navane and Abilify or their generic counterparts (Thiothixene and

10   Aripiprazole)." Dkt. 47, at 8. In his declaration, defendant Sanneh states that warnings exist for

11   these medications, but only related to "[e]lderly patients with dementia-related psychosis," which

12   does not apply to plaintiff. Dkt. 49, at 4. Besides plaintiff's conclusory allegations that Abilify

13   and Navane are dangerous when taken together, *see* Dkt. 16, at 5, he has not come forward with

14   any evidence that the medications are dangerous when taken together and he did not rebut

15   defendants' evidence that they are safe.

16         As to the second issue, defendants argue that plaintiff's "claims that he does not suffer

17   from schizoaffective disorder and that he does suffer from dementia have no merit and at best,

18   only amount to a difference of opinion between [plaintiff] and medical staff." Dkt. 47, at 7.

19   Defendants presented medical record evidence that plaintiff has been diagnosed with

20   schizoaffective disorder and not with dementia. *See* Dkt. 49-1, at 7–94. As with the first issue,

21   plaintiff has failed to come forward with any evidence to support his conclusory allegations or to

22   rebut defendants' evidence. Even if the Court were to consider the allegations of his complaint as

23   evidence, they would at best establish a disagreement with defendants' medical opinions, which

24

REPORT AND RECOMMENDATION - 7

1    does not amount to an Eighth Amendment violation. The same reasoning applies to his claim that

2    defendants denied he had certain medical conditions. *See* Dkt. 16, at 11.

3        Accordingly, the Court recommends that defendants' motion for summary judgment be

4    granted as to plaintiff's Eighth Amendment claims.

5        **III.    Fourteenth Amendment Claim**

6        The United States Supreme Court held that prisoners possess "a significant liberty

7    interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process

8    Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221–22 (1990).

9    In *Harper*, the Court rejected substantive and procedural due process challenges to Washington

10   state prison regulations authorizing the forcible administration of medication if a prisoner was

11   "gravely disabled or pose[d] a likelihood of serious harm to himself, others, or their

12   property." *Id.* at 215 (internal quotation marks omitted). The Court held that "the Due Process

13   Clause permits the State to treat a prison inmate who has a serious mental illness with

14   antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the

15   treatment is in the inmate's medical interest." *Id.* at 227. The Court further held that procedural

16   due process requirements are satisfied if the inmate is provided with notice, the right to be

17   present at an adversarial hearing, and the right to present and cross-examine witnesses. *Id.* at

18   235.

19       Here, plaintiff alleges that he was "blindsided" by defendants and that they did not ask

20   plaintiff if he would take medication before forcing him to do so. *See* Dkt. 16, at 10, 13. The

21   Court construes this as a procedural due process challenge. Plaintiff's allegation that he was

22   "blindsided" by the forced administration of medication is belied by defendants' evidence that

23   they provided plaintiff notice of the IAH, that plaintiff appeared at the hearings, that plaintiff was

24

provided the right to present and cross-examine witnesses, and that he had an advisor present for each hearing. *See* Dkts. 50, at 4–5; 50-1, at 71–87, 89–96. Defendants have also presented evidence that plaintiff's medical provider unsuccessfully met with plaintiff several times to get him to voluntarily take his medications before the provider requested the IAH. *See* Dkt. 49, at 4.

Plaintiff has not presented any evidence to rebut defendants' evidence. Accordingly, the Court recommends that defendants be granted summary judgment on plaintiff's Fourteenth Amendment claims.

### IV.    State Law Claims

Defendants ask the Court to decline to exercise jurisdiction over plaintiff's state law tort claims. *See* Dkt. 47, at 15–16. Federal courts are under a continuing duty to confirm their jurisdiction power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). When the Court has original jurisdiction over a case, the Court also has supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The Court may decline to exercise that jurisdiction if the claim raises "a novel or complex issue of State law," the state claim "substantially predominates" over the federal claim, the Court has dismissed all of the federal claims, or "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, the Court has original jurisdiction over the case because plaintiff brought federal claims. However, because the Court recommends dismissal of the federal claims, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over plaintiff's

1    state law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims should be dismissed without

2    prejudice.

3                                          **CONCLUSION**

4           The undersigned recommends that defendants' motion for summary judgment (Dkt. 47)

5    be granted and plaintiff's Eighth and Fourteenth Amendment claims be dismissed with prejudice.

6    The Court recommends that plaintiff's state law claims be dismissed without prejudice for lack

7    of subject matter jurisdiction.

8           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

10   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

11   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

12   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

13   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

14   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 19,**

15   **2022**, as noted in the caption.

16          Dated this 3rd day of August, 2022.

17

18                                                   J. Richard Creatura

19                                                   Chief United States Magistrate Judge

20

21

22

23

24